# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 4, 2020

Lyle W. Cayce
Clerk

No. 19-50391

JOEL HOENNINGER; MICHAEL KIVITZ; HAYDEN HYDE; ROBERT ROMANO; SAMUEL CASKEY; ET AL,

        Plaintiffs - Appellants

v.

LEASING ENTERPRISES, LIMITED, doing business as Perry's Restaurant, L.L.C.,

        Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CV-798

Before KING, JONES, and COSTA, Circuit Judges.

PER CURIAM:*

In a case involving the same defendant and much the same facts, we concluded that Perry's Restaurant violated the Fair Labor Standards Act, but we also concluded that the district court neither: (i) abused its discretion by failing to award liquidated damages; nor (ii) clearly erred by concluding that Perry's did not violate the statute willfully. The present case involves different

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50391

plaintiffs and a different district court, but we again review district-court decisions denying liquidated damages and concluding that Perry's did not violate FLSA willfully. For the following reasons, we AFFIRM.

## I.

Perry's is a restaurant company operating throughout Texas. Until October 1, 2014, Perry's paid credit-card tips to its servers on a daily basis instead of requiring them to wait for a bi-weekly paycheck. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 241 (5th Cir. 2016). To make these daily payments without keeping a large amount of cash on premises, "Perry's arranged for armored vehicles to deliver cash to each of its restaurants three times per week." *Id.* To offset its cash-delivery costs and processing fees charged by credit-card companies, Perry's deducted 3.25% from its servers' credit-card tips before paying out those tips in cash. *Id.* at 244. That choice produced two FLSA cases challenging whether it was proper for Perry's to offset the cash-delivery costs.

## A.

Giullian Steele and other servers at Perry's commenced a FLSA collective action in the United States District Court for the Southern District of Texas on August 28, 2009. Among other things, they alleged that Perry's violated FLSA by "deduct[ing] from the amount of tips given to its employees by credit card or debit card a fee that exceeded the charge it paid to credit card and debit card companies or banks to convert those tips into cash." The district court granted partial summary judgment regarding liability to the plaintiffs on August 31, 2010. Perry's moved for reconsideration or certification of an interlocutory appeal, but that motion was denied.

On August 19, 2014, following a bench trial, the district court issued findings of fact and conclusions of law holding that a two-year statute of limitations applied to the claims against Perry's, because Perry's FLSA

violations were not willful. The district court amended those findings and conclusions on February 24, 2015 to add a finding that Perry's had acted reasonably and in good faith. Simultaneously, the district court entered final judgment, which did not include a liquidated damages award. Both Perry's and the plaintiffs appealed, and we affirmed on the merits in a published opinion dated June 14, 2016. *Steele*, 826 F.3d at 244-46.

We also affirmed the district court's judgment insofar as it declined to award liquidated damages, which was based on a determination that Perry's acted reasonably and in good faith. *Id.* at 246-47. Among other things, we considered testimony from Perry's employees stating that, in connection with an "investigation into Perry's practices regarding tip pools and charging employees for certain expenses," the Department of Labor "advised Perry's that its offset conformed with the FLSA." *Id.* at 247. The *Steele* plaintiffs "did not present any evidence explicitly contradicting this testimony" or "any evidence showing that Perry's ever suspected that the offset violated the FLSA or that any employee questioned the practice." *Id.*

Finally, we affirmed the district court's determination that Perry's did not violate FLSA willfully. *Id.* at 248. "The only evidence that Plaintiffs put forth to show that Perry's willfully violated the FLSA is its continual violation following the interlocutory judgment that the district court issued on August 31, 2010." *Id.* This was not enough to establish that the district court clearly erred, because we have "held many times that an interlocutory order is not a final order," *id.*, and "if Perry's stopped the practice after the interlocutory judgment, and the final judgment was in favor of Perry's, Perry's could not recover the amount it lost by stopping the practice prematurely," *id.* at 248 n.18. This was sufficient, alongside the conclusion that Perry's acted in good faith, to sustain the district court's determination regarding willfulness.

**B.**

No. 19-50391

On August 20, 2014, one day after the *Steele* district court filed its initial findings of fact and conclusions of law, a new FLSA collective action against Perry's based on its 3.25% deduction was filed in the United States District Court for the Western District of Texas. The second case involved different plaintiffs and a different time period. After our decision in *Steele*, Perry's stipulated that its 3.25% deduction violated FLSA, but the district court allowed additional discovery regarding whether Perry's acted willfully and whether Perry's acted reasonably and in good faith. Ultimately, the district court held a bench trial and then issued findings of fact and conclusions of law. As in *Steele*, the district court concluded that Perry's did not willfully violate FLSA and that Perry's acted reasonably and in good faith. The district court accordingly applied a two-year statute of limitations and did not award liquidated damages. This appeal followed.

## II.

Under FLSA, employers must pay most employees at least $7.25 per hour, 29 U.S.C. § 206(a)(1)(C), but there is a limited exception for tipped employees. Although tipped employees must *receive* $7.25 per hour, employers do not have to *pay* the entire amount. FLSA allows employers to claim a tip credit, which counts towards the required $7.25 per hour. 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59. The tip credit cannot exceed the actual tips an employee receives and is capped at $5.12 per hour, so employers must pay tipped employees $2.13 or more. 29 U.S.C. § 203(m)(2)(A); 29 C.F.R. § 531.59. Further, employers cannot claim a tip credit unless "all tips received" by tipped employees "have been retained by the employee," 29 U.S.C. § 203(m)(2)(A), and even if they do not claim a tip credit, an "employer may not keep tips received by its employees for any purposes," 29 U.S.C. § 203(m)(2)(B).

If an employer violates FLSA by keeping tips paid to employees, it "shall be liable to the employee or employees affected in the amount of the sum of any

tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages are not mandatory, however, "if the employer shows to the satisfaction of the court that the act or omission giving rise to [the] action was in good faith and that he had reasonable grounds for believing that his act or omission was not a [FLSA] violation." 29 U.S.C. § 260. Proving good faith and reasonableness is a substantial burden borne by a defendant. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). A district court's "[e]valuation of the evidence supporting good faith and reasonableness" is reviewed for abuse of discretion. *Steele*, 826 F.3d at 246.

A two-year statute of limitations normally applies to FLSA violations, but the statute of limitations is one year longer for willful violations. 29 U.S.C. § 255(a). A violation is willful if the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Mere negligence does not suffice. *Id.* at 135. Plaintiffs bear the burden of demonstrating willfulness, which is a fact issue that we review for clear error. *Steele*, 826 F.3d at 248.

## III.

### A.

The district court did not abuse its discretion by declining to award liquidated damages. As in *Steele*, the record in this case contains testimony indicating that advice received during a Department of Labor investigation led Perry's to believe that their practices, including the 3.25% deduction from credit-card tips, complied with FLSA. Crediting this testimony, the district court concluded that Perry's had a reasonable, good-faith belief that it was not violating FLSA and therefore declined to award liquidated damages.

No. 19-50391

Unlike in *Steele,* the plaintiffs in this case attempt to rebut that testimony using a declaration signed by Charles Frasier, the Department of Labor employee who performed the investigation of Perry's.[1] Frasier's declaration states, however, that he "do[es] not remember the details of [his] conversations with Perry's Steakhouse's ownership, management, and/or legal counsel." The declaration also states that Frasier "probably discussed the credit card liquidation issue" with Perry's "because it was such a rampant problem among Texas restaurants" and any advice he would have given would have been consistent with the Department of Labor Field Manual. Frasier adds that, at the time of his investigation, the field manual "stated restaurants could charge their tipped employees no more than what the credit card companies charged the restaurant for liquidating credit card tips." Frasier's speculation about discussions he does not remember and the advice that he would have given is not enough to convince us that the district court abused its discretion. Accordingly, we affirm the district court's judgment insofar as it does not award liquidated damages.

**B.**

We affirm the district court' s determination that Perry's did not willfully violate FLSA. According to the plaintiffs, the district court clearly erred, because Perry's continued to apply a 3.25% deduction after the *Steele* district court granted partial summary judgment to the plaintiffs on August 31, 2010.[2]

---

[1] Perry's argues that considering this declaration on appeal is improper because it was not introduced as evidence at the district court's bench trial. The declaration is in the record on appeal only because it was submitted to support a motion for partial summary judgment filed by the plaintiffs, which was denied by the district court. We do not need to resolve this issue because we would affirm the district court whether or not we consider the Frasier declaration.

[2] The plaintiffs also argue that Perry's acted willfully by continuing to apply its 3.25% deduction following the district court's August 19, 2014 findings of fact and conclusions of law, but that argument—even if correct—has no practical effect. For the purposes of this case, a willfulness finding is relevant only because it would extend the statute of limitations

No. 19-50391

We rejected precisely that argument in *Steele*, 826 F.3d at 248, and we are bound to reach the same result here under the rule of orderliness. *In re Henry*, 944 F.3d 587, 591 (5th Cir. 2019).

## V.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

from two years to three. The operative complaint in this case was filed on July 7, 2015, so claims based on FLSA violations occurring on or after August 19, 2014 are timely even if a two-year statute of limitations applies.